# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WOODALL<br>CDCR #F-91270,<br><br>                              Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                            Defendants. | Civil No.   10cv1218 MMA (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 7]** |

Plaintiff, Shawn Woodall, an inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. On August 16, 2010, the Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") as barred by 28 U.S.C. § 1915(g). *See* Aug. 16, 2010 Order at 4. Plaintiff has now filed a "Motion for Reconsideration of Order Denying Motion to Proceed In Forma Pauperis." [Doc. No. 7].

/ / /

/ / /

**I.      Plaintiff's Motion for Reconsideration**

**A.      Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

**B.      Discussion**

This Court denied Plaintiff's Motion to Proceed IFP on the ground that Plaintiff has had at least three prisoner civil rights cases dismissed as frivolous, malicious or for failing to state a claim in the Southern District of California. *See* Aug. 16, 2010 Order at 3. Thus, Plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g). *Id.* at 4.

In his Motion for Reconsideration, Plaintiff argues that while he is currently incarcerated, he was not a prisoner at the time he filed this action. *See* Pl.'s Mot. at 2. Thus, Plaintiff argues that the provisions of § 1915(g) do not apply to him.

The Court has reviewed the original paper filing submitted by Plaintiff, along with the envelopes that were used to file the documents with the Court. The return address on the envelope that Plaintiff used to submit his Complaint and Motion to Proceed IFP indicates that Plaintiff was incarcerated at RJD on June 4, 2010 and the envelope is stamped with the notation

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

"State Prison" and a postmark of June 3, 2010.  Plaintiff's Complaint is subject to the "mailbox rule" which provides that a document is deemed "filed" by a prisoner at the time he delivers it to the prison authorities for forwarding to the clerk of court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  Most recently, the Ninth Circuit has expressly held that the *Houston* mail box rule applies to § 1983 suits brought by *pro se* prisoners.  *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

Because the Court has found that the documents submitted by Plaintiff for filing clearly indicate that he was a prisoner at the time he "filed" his Complaint, all the provisions of the Prison Litigation Reform Action, including § 1915(g), apply to Plaintiff.   Accordingly, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand  reconsideration of the Court's April 20, 2010 Order.

**II.     Conclusion and Order**

In light of the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 7] of the Court's August 16, 2010 Order.

The action shall remain closed.

**IT IS SO ORDERED.**

DATED:  August 27, 2010

                                    Hon. Michael M. Anello
                                    United States District Judge